UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANGELO JONES,

                Plaintiff,                Case No. 5:17-cv-13379

v.                                                  Hon. John Corbett O'Meara

JOHN DOE,

                Defendant.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE COMPLAINT AND
CERTIFYING THAT AN APPEAL COULD NOT BE TAKEN IN GOOD FAITH**

This matter is before the Court on the its own review of Michigan prisoner DeAngelo Jones' pro se civil rights complaint. Plaintiff is incarcerated at the Kinross Correctional Facility in Kincheloe, Michigan. The complaint alleges that Defendant, an unnamed clerk of the Wayne Circuit Court, violated Plaintiff's First Amendment right to access to the courts by failing to serve him with an order denying his motion for a new trial in his criminal case. Plaintiff seeks injunctive relief in the form of an order restoring his state appellate rights as well as damages.

**I. Standard of Review**

Complaints filed in forma pauperis are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss sua sponte complaints that are "(i) frivolous or malicious; (ii) fail[] to state a claim upon which relief may be granted; or (iii) seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Supreme Court has defined a "frivolous" action as one that "lacks an arguable basis either in law or in fact." *Denton v.*

1

*Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

## II. Discussion

Plaintiff alleges that on July 3, 2014, the Wayne Circuit Court denied his delayed motion for a new trial in his criminal case. He asserts that he never received notice of this decision because the court clerk did not send him a copy. Plaintiff states that he sent letters to the court seeking information about his motion, and it was not until June 9, 2015, that he was finally notified by the court administrator that his motion had been denied. Plaintiff states that a result of the delay he "has

2

been placed in a position in regards to my appeal." Dkt. 1, at 3. Plaintiff alleges that he was denied his First Amendment right to access to the courts when the unnamed clerk "violated Michigan Court Rules and failed to serve a copy of the trial court's opinion upon Plaintiff Jones." Id.

Prisoners have a constitutional right of access to the courts which the states have an affirmative duty to protect. *Bounds v. Smith*, 430 U.S. 817, 821-25 (1977). A prisoner's right of access to the courts is limited to direct criminal appeals, habeas corpus applications, and civil rights claims challenging the conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 355 (1996); *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999). To prevail on a §1983 claim concerning the denial of access to the courts, a plaintiff must make some showing of prejudice or actual injury as a result of the challenged conduct. *Lewis*, 518 U.S. at 351; *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). dditionally, a plaintiff must allege that the deprivation of his rights was the result of intentional conduct to state such a claim. *Sims v. Landrum*, 170 F. App'x 954, 957 (6th Cir. 2006); *Wojnicz v. Davis*, 80 F. App'x 382, 384 (6th Cir. 2003). An allegation of negligence is insufficient to state an access to the courts claim under § 1983. *Collins v. City of Harker Hgts.*, 503 U.S. 115, 127-30 (1992). Plaintiff does not state facts to show that the defendant intentionally refused to mail him a copy of the trial court's decision. He simply asserts that the court clerk failed to comply with the court rules. At most, Plaintiff alleges that the defendant's conduct was the result of negligence. Plaintiff thus fails to state a denial of access to the courts claim.

Second, to the extent Plaintiff is seeking damages, defendant is also entitled to absolute judicial immunity. Judges and judicial employees are entitled to absolute judicial immunity on claims for damages. *See Lyle v. Jackson*, 49 F. App'x 492, 494 (6th Cir. 2002) (two court clerks who did not provide prisoner with copies of previous filings and transcripts were entitled to quasi-judicial

immunity); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996); *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994).

### III.  CONCLUSION

Based upon the foregoing discussion, Court concludes that Plaintiff has failed to state a claim upon which relief may be granted.  Accordingly, the Court **DISMISSES WITH PREJUDICE** the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A.  The Court further concludes that an appeal from this order cannot be taken in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED.**

s/John Corbett O'Meara
United States District Judge

Date:  October 25, 2017


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, October 25, 2017, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager

4