UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DeANGELO JONES,

        Petitioner,                        Case No. 5:17-cv-13379
                                              Hon. John Corbett O'Meara

v.

JOHN DOE,

        Respondent.
_____/

## **ORDER DENYING MOTION FOR RECONSIDERATION [Dkt. 6]**

      Plaintiff DeAngelo Jones, a state prisoner, filed this case under 42 U.S.C. § 1983. Petitioner asserts that a clerk for the Wayne Circuit Court failed to serve him with copies of an order in his criminal case, preventing him from pursuing a state court appeal of his criminal conviction. On October 25, 2017, the Court summarily dismissed the complaint, finding in part that the court clerk was entitled to absolute immunity. Presently before the Court is Petitioner's motion for reconsideration.

      Local Rule 7.1(h) allows a party to file a motion for reconsideration. However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Ford Motor Co. v. Greatdomains.com, Inc.*, 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001). The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof. A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

      In the present case, the arguments raised by Plaintiff in his motion for reconsideration were

already rejected by the Court in the opinion dismissing the complaint. Plaintiff continues to argue that Defendant is not entitled to immunity. It is well-established, however, that court clerks and other court employees have absolute immunity against liability for actions arising out of the performance of judicial or quasi-judicial functions. *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988). "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial offer who is immune." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994).

Because Plaintiff is merely presenting issues which were already ruled upon by the court, either expressly or by reasonable implication, the motion for reconsideration is **DENIED**. See *Hence v. Smith*, 49 F. Supp. 2d 547, 553 (E.D. Mich. 1999).

**SO ORDERED.**

                                            s/John Corbett O'Meara
                                            United States District Judge

Date: December 6, 2017

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, December 6, 2017, using the ECF system and/or ordinary mail.

                                            s/William Barkholz
                                            Case Manager